■ In the Matter of the Arbitration between the LEGISLATURE OF THE COUNTY OF RENSSELAER et al., Respondents, and THOMAS ALLEN, JR., as President of Hudson Valley Community College Faculty Association, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered August 13, 1973 in Rensselaer County, which granted petitioners' motion to stay arbitration. Appellant Allen represents the Faculty Association of Hudson Valley Community College (HVCCFA), which was party to a collective bargaining agreement with petitioners, who are the trustees of the college and the Legislature of the county which operates it (HVCC). The collective bargaining agreement contained a procedure for the settlement of grievances, the final step of which was binding arbitration. HVCC also operated a night school division, the Continuing Education Division (CED) in which 70* of the 200 members of appellant's bargaining unit participated as instructors. CED employees, however, were not included in appellant's bargaining unit. On December 12, 1972, members of appellant's bargaining unit initiated grievance procedures against petitioners, culminating in a demand for binding arbitration. The specified grievance was petitioners' promulgation of "new regulations, rules or by-laws having the effect of limiting the number of hours or courses that could be taught in CED by faculty members within the bargaining unit represented by the HVCCFA". Petitioners' contention is that teaching assignments within the CED were not within the scope of the collective bargaining agreement. Respondent argues that the decision respecting the arbitrability of the grievance was properly for an arbitrator to decide, that the subject of the grievance was not excluded from the collective bargaining agreement, and that the result is contrary to public policy. CPLR 7501 has reduced the role of the courts in matters of arbitration (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7501.20). It provides as follows: "In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute." The role of the courts is now confined to a threshold determination of whether the parties broadly agreed to arbitrate a dispute (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 334; see, also, *Matter of Weinrott* [*Carp*], 32 N Y 2d 190.) In a collective bargaining employment contract there is a presumption that questions of arbitrability are for the arbitrator (*Matter of Long Is. Lbr. Co.* [*Martin*], 15 N Y 2d 380, 384, 385). Absent express exclusion of the subject of a grievance, matters of interpretation of the agreement are for the arbitrator (*Matter of Exercycle Corp* [*Maratta*], supra, p. 336). In our view, the presumption of arbitrability was not rebutted. Article III C (10) of the collective bargaining agreement provides: "All conditions of employment and general working conditions shall be maintained at not less than those in effect at the time this Agreement is signed, except as such conditions shall be improved as required by the provisions of this Agreement." We agree with appellant that a restriction in the number of hours which members of the bargaining unit would be allowed

---

* In other semesters, as many as 140 members of the bargaining unit served as instructors in CED.

to teach in the CED, when no such limitation previously existed would constitute a downward revision in working conditions and reduction in earning potential of those members of the bargaining unit who had previously taught more hours in CED than would be allowed under the new regulations. Special Term concluded that CED faculty members were not parties to the agreement, and therefore were not entitled to implement the grievance procedure. This is not relevant to this proceeding, since faculty mmbers who were protected by the contract with petitioners had rights regarding instruction in the CED which petitioners by rule sought to abrogate or reduce. Petitioners urge that submission of this case to arbitration will abrogate the managerial rights clause in the contract. This contention lacks merit, because the very purpose of arbitration is to determine whether the rules regarding instruction by day-faculty in CED are permitted by such a clause, or are prohibited by Article III C (10). This is obviously a question of contract interpretation, and, since the contract itself Schedule B (1) defines a grievance, *inter alia*, as "a claim * * * based upon the interpretation * * * of this agreement", resort to arbitration as provided by the grievance procedure is clearly appropriate. Order reversed, on the law and the facts, without costs, and petition dismissed. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.