■ In the Matter of the Arbitration Between FORT ANN CENTRAL SCHOOL DISTRICT, Appellant, and FORT ANN CENTRAL SCHOOL TEACHERS ASSOCIATION, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered February 10, 1976 in Washington County, which denied petitioner's application for a stay of arbitration and directed it to proceed to arbitration. Petitioner, Fort Ann Central School District (hereinafter district) entered into a collective bargaining agreement with the respondent Fort Ann Central School Teachers Association covering the period from July 1, 1974 to June 30, 1977. Among the pertinent terms thereof is one requiring that 75 days' notice of termination be given when employment is to be terminated and another which recites that "A special effort will be made to have no more than twenty-five (25) students in each class in grades K-12." In March of 1975 the district resolved that if sufficient funds were not made available it would eliminate 11 faculty positions from its staff for the forthcoming 1975-1976 academic year. However, by further

resolution dated July 15, 1975, the district ultimately eliminated only two positions, that of a high school librarian and an elementary school teacher. Contending that this reduction violated both of the foregoing contract provisions, respondent initiated the grievance procedure specified therein to resolve such disputes, but was rebuffed by district in seeking to have the matter submitted to arbitration as the final stage of that procedure. Instead, the district made the instant application to stay arbitration before Special Term and now appeals from the order denying that relief and compelling it to arbitrate. The district asserts that its March resolution supplied timely notice of termination to the involved faculty members and that the clause relating to class size has no applicability to a controversy over a staff reduction. However, we are not free to consider whether respondent's claims to the contrary are tenable or otherwise pass upon the merits of this dispute (CPLR 7501) and, thus, the factual correctness of the district's position is not properly before us. Since the parties have broadly agreed to resolve their grievances by a procedure culminating in arbitration, and since the subject matter of their present disagreement is not expressly excluded by contract from that procedure, we must conclude that the issue of arbitrability is one for the arbitrator to decide *(Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167, 171; *Matter of Legislature of County of Rensselaer [Allen],* 44 AD2d 628). The district alternatively urges that the class size feature of the agreement would be invalid if it is interpreted in a manner requiring arbitration of a contested staff reduction inasmuch as the abolition of such positions is within its sole authority and prerogative. This argument must also be rejected. While the class size term is somewhat ambiguous, merely specifying that a "special effort" be made, and even though the relationship between the action taken by the district and the ultimate effect upon class size may not establish a contractual violation this does not mean that the questioned provision should be declared invalid as compelling arbitration over a nonmandatory term or condition of employment. The distinction is reasonably clear (cf. *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614, 617) and just recently the Court of Appeals has reaffirmed the principle that "There is no statute or controlling decisional law or other source of public policy prohibiting a public employer from voluntarily agreeing to submit controversies over staff size * * * to arbitration" *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268, 274). Consequently, we may not entertain the district's complaint about the legality of a contract term, which it probably need not have negotiated in the first instance, but are constrained to give it the arbitrable effect the parties bargained for. Having made such an agreement, however imprudently, the district is bound by it and must await the arbitrator's determination. Of course, the financial ability of the district and the effect of the eliminations, if any, on class size may be considered by the arbitrator in deciding whether the agreement has in fact been breached. Even if it has, the district retains a means to question the remedial action he might fashion *(Matter of Board of Educ. v Yonkers Federation of Teachers, supra,* pp 275–276; *Board of Educ. v Bellmore-Merrick United Secondary Teachers, supra).* Order affirmed, without costs, and stay vacated. Koreman, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.