OPINION OF THE COURT
Edward M. Horey, J.
By motion, the petitioner, Village of Wellsville, seeks to stay arbitration of a grievance filed by the respondent, American Federation of State, County and Municipal Employees (AFSCME), N. Y. Council 66 and its affiliated Local No. 2574.
The facts which give rise to the sought arbitration arise out of a practice followed by the village concerning water and sewer rents charged employees of the village water and light department.
It appears that the minimum rental charged for water and sewer service is based on water consumption in a certain unstated amount. Additional rental charges are based on water meter readings reflecting usage in excess of the amount for which the minimum charge is made.
For over 40 years, the Village of Wellsville charged those employees of that department who resided in the village only, the minimum permitted charge for water rent regardless of the amount of water consumed. Commencing in and about 1973 with the institution of sewer charges predicated also on *153 amount of water consumed, a similar practice was followed for sewer rentals.
In 1978, the practice was discontinued by action of village officials. Since then, all users including the water and light employees, have been charged uniform rates. The employees, asserting the right of continuance of "past practices”, have protested the discontinuance. Charging that the discontinuance has resulted in a lowering of their compensation, they allege the action to be violative of article 20 of their collective bargaining agreement with the village which deals with the maintenance of benefits.
Two issues are presented. First, is the question of whether or not the disputed practice is an arbitrable matter under the terms of the collective bargaining agreement. To the court, that issue is free from doubt.
Examination of the agreement demonstrates that no particular matters are excluded from an arbitral forum. To the contrary, section 21.01 of article 21, entitled "Grievance Procedure” clearly establishes that "any grievance, controversy or dispute” involving "the application, meaning or interpretation” of the agreement may proceed to arbitration. (Italics added.)
The court finds no substance to the argument that minimum rental charges contravene statutory provisions contained in section 11-1118 of the Village Law and section 452 of the General Municipal Law. Those statutes speak only to the obligation of the village to establish and maintain equal rental charges to consumers as consumers. They do not address the question of whether reduced rentals may be a proper means of compensation to municipal employees.
Petitioner’s principal argument in support of its contention that the issue is excluded from arbitration under the terms of the agreement is based on those clauses of section 16.01 of article 16 (Management Rights) wherein the village retained "the sole right to manage its business affairs and services” and reserved "all rights and powers under the Civil Service Law and any other laws of the State of New York”. A contention that a reservation of management rights was a bar to arbitration was rejected in Matter of Legislature of County of Rensselaer (Allen) (44 AD2d 628). There, the court said (p 629) that whether the practice which was there in question was a benefit to employees or a management prerogative was "obviously a question of contract interpretation and * * * *154 resort to arbitration as provided by the grievance procedure is clearly appropriate”.
In the instant case, the question of whether the minimum charge for water and sewer rent is or is not a protected benefit to the employees under their agreement is also one for resolution. If it is determined that reduced water and sewer rentals are not a protected benefit, the matter is concluded.
The difficulty ensues only if the reduced rentals are determined to be an employee benefit to be protected as a "past practice” by continuance.
It is upon that determination that the second and more difficult question is raised. That question may be stated as follows: assuming the current billing practice to be a protected benefit, is it so illegal that its continuance offends the public policy of this State? The answer of this court to that question is "Yes”. The continuance of the present practice would offend public policy because its continuance runs contrary to the provisions of this State’s constitution.
What is reprehensible under the present procedure is that the free water and sewer rentals are not treated as compensation by either the village or the employee. So far as appears, the village does not treat the free rentals as expenditures or expenses of the employment and the employees do not treat them as salary or income. As presently constituted, the free rentals are nothing more or less than a gift by the municipality to its employees. As such they violate the provisions of section 1 of article VIII of the New York State Constitution which prohibit gifts from a municipality to an individual.
This court’s conclusion of impropriety and illegality of current practice should not come as a surprise to the petitioner. As long ago as 1938 the village made inquiry of its attorneys concerning the legality of the practice in issue and were advised of its illegality. The attorneys suggested that the practice be changed to show the free water service as a sale by the village and to credit the employee’s salary account with it. Regretably, the attorneys’ letter advice included the following: "I expect that if you continued to handle them [i.e., free water rental to employees] in the manner that you already have for years past, the chances are that you would get away with it”. (Italics added.)
However, the attorneys, nonetheless, cautioned against continuance as follows: "Yet you might be subject to a taxpayers action to enjoin, and if, under the holding of the Saratoga *155 case, a number of taxpayers started action, it might be serious”. It would appear that the village elected to gamble and the prophesied consequence has become a reality. While a condemnation of the practice is in order, in fairness, criticism should be limited to only those village officials who authorized the continuance of the practice with knowledge of its existence and its impropriety.
It is clear to this court that if the only relief which could be given in an arbitration proceeding would be the continuance of the present unconstitutional practice, intervention by this court would be proper at this time. (Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411.) However, that is not the situation. As the Court of Appeals pointed out in that case (p 418), "labor arbitrators, even in the public sector, are 'not strictly limited to remedies requested by the parties’ (Board of Educ. v Bell-more-Merrick United Secondary Teachers, 39 NY2d 167, 172); on the contrary, arbitrators in this context are in the final analysis empowered to 'do justice and the award may well reflect the spirit rather than the letter of the agreement’ (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582; Dentine v Fundaro, 29 NY2d 382, 386)”.
This court has no doubt that even with the limitation imposed on judicial review of arbitration decisions, and they are many, nonetheless, a determination by arbitrators to continue the present practice would justify subsequent judicial interference and subject such a determination to vacatur. See Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn. (45 NY2d 411, 418, 425, n): "Arbitrators are not free to be arbitrary even if, because their awards are not subject to judicial review for errors of law and fact, the courts may not oversee their determinations”.
In summary, arbitration should proceed to determine first, whether the free rental for water and sewer services are a protected benefit under the terms of the collective bargaining agreement. In the event that they are determined to be such, and only in that event, the arbitrator should proceed to grant only such relief as is consistent with the legal and constitutional prerogatives of the village.
Motion for a permanent stay of arbitration is denied.
Signed this 15th day of February, 1979, at Olean, New York.