■ In the Matter of Metro-North Commuter Railroad Company, Petitioner, v New York State Executive Department Division of Human Rights et al., Respondents. [707 NYS2d 50] —In this proceeding brought pursuant to CPLR article 78 and section 298 of the Executive Law (transferred to this Court by order of the Supreme Court, New York County [Barbara Kapnick, J.], entered May 12, 1999), the determination of respondent New York State Division of Human Rights, dated September 18, 1998, which, *inter alia*, adopted the findings of fact, decision, and opinion of the Administrative Law Judge, dated October 31, 1995, directing that respondent Louis Calderon be reinstated to his position with petitioner, awarding him back pay with interest, and further awarding compensatory damages for mental anguish and humiliation, unanimously annulled, without costs, the petition granted, and the award of back pay and damages vacated.

Respondent Louis Calderon was dismissed from his position with petitioner Metro-North Commuter Railroad Company (Metro-North) after it was found that, during an altercation in which respondent was the aggressor, he kicked a fellow worker in the head, causing that worker to be hospitalized. It was also found that, as the injured worker was being taken from the location of the assault, respondent stated "If I get into any trouble on account of this, I am going to shoot you." The determination to dismiss Calderon was upheld on appeal by the Special Board of Adjustment, an arbitration panel authorized by the Railway Labor Act (45 USC § 153).

In addition to the appeal taken to the Special Board of Adjustment, respondent Calderon filed a complaint with the New York State Division of Human Rights, claiming that he was suspended by reason of "race, color, and national origin." After hearings were held, the Administrative Law Judge (ALJ) issued a report, concluding that Metro-North's termination of respondent was pretextual. In so concluding, the ALJ, *inter alia*, asserted that she was not bound by the prior determina-

tion that the assault took place and, based upon the evidence before her, concluded to the contrary. This was error.

"[T]he doctrines of res judicata and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies * * * when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [1984]). Here, the prior determination, upheld by the Special Board of Adjustment (which respondent concedes had administrative status), conclusively determined that respondent violently assaulted and then threatened a fellow worker. The New York State Division of Human Rights was bound by that determination (*see, Matter of Ranni*, 58 NY2d 715, 717; *Bernstein v Birch Wathen School*, 71 AD2d 129, 132, *affd* 51 NY2d 932). What becomes clear is that, respondent's violent conduct having been conclusively established, the only finding permitted on this record was that respondent's termination was in all respects appropriate. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.