■ In the Matter of the Arbitration between AMALGAMATED TRANSIT UNION, LOCAL DIVISION 1321, et al., Respondents, and

CAPITAL DISTRICT TRANSIT SYSTEM, NUMBER ONE, CAPITAL DISTRICT TRANSPORTATION DISTRICT, INC., et al., Appellants. [751 NYS2d 654] —Mercure, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered October 2, 2001 in Albany County, which granted petitioners' application pursuant to CPLR 7503 to compel arbitration between the parties.

While employed as a first class mechanic in the maintenance department of respondents' bus garage in the City of Troy, Rensselaer County, petitioner Daniel M. DeConno bid for promotion to the position of supervisor of that department. When the position was awarded to another, less senior, employee, DeConno filed a grievance pursuant to the collective bargaining agreement covering the operators-mechanics bargaining unit (hereinafter operators-mechanics CBA), alleging that respondents breached a term of the agreement providing that promotions are to be based upon seniority. Respondents denied DeConno's grievance at each stage of the grievance process on the ground that promotions to supervisory positions are governed by the collective bargaining agreement for supervisory personnel (hereinafter supervisory CBA) rather than the operators-mechanics CBA. DeConno's request for arbitration pursuant to the operators-mechanics CBA was similarly denied on the ground that promotions are not arbitrable under the supervisory CBA. Petitioners' subsequent application for an order compelling arbitration was granted, prompting this appeal.

We affirm. It is well settled that "[i]n the field of labor relations, controversies between the parties to a collective bargaining agreement fall within the scope of a broad arbitration clause contained in the agreement unless the parties have used language that clearly manifests an intent to exclude a particular subject matter from arbitration" (*Matter of County of Albany [AFSCME, Council 82]*, 114 AD2d 732, 733; *see e.g. Matter of Long Is. Lbr. Co. [Martin]*, 15 NY2d 380, 385). Here, the operators-mechanics CBA contained a broad arbitration clause providing for arbitration of unresolved disciplinary grievances, as well as grievances alleging "any other breach" of the CBA. While the agreement did specifically exclude from arbitration any decisions made pursuant to the article of the agreement entitled "Promotion," it is undisputed that the operators-mechanics CBA does not contain an article entitled "Promotion." Although respondents urge us to read this exclusion as removing all promotion issues from the scope of arbitration, we need note only that, pursuant to article 33 of the agreement, any issues regarding interpretation of the operators-

mechanics CBA are themselves to be resolved through arbitration (*see Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor*, 67 NY2d 997, 999).

Although respondents initially contended that disputes regarding promotions to supervisory positions should be resolved under the terms of the supervisory CBA, they have since conceded that the supervisory CBA is inapplicable in this case. Because the operators-mechanics CBA provides for arbitration of the instant dispute, petitioners' application to compel arbitration was properly granted. We have considered respondents' other arguments and found them to be either unpreserved or unavailing.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.