■ Edward Engelman, Respondent, v Girl Scouts-Indian Hills Council, Inc., et al., Appellants. [791 NYS2d 735]—

Kane, J. Appeal from that part of an order of the Supreme Court (Hester, Jr., J.), entered January 7, 2004 in Broome County, which partially denied defendants' motion for summary judgment dismissing the complaint.

After plaintiff worked for defendant Girl Scouts-Indian Hills Council, Inc. (hereinafter Council) as its property manager and camp ranger for 22 years, the Council's executive director, defendant Denise Newvine, terminated his employment. Plaintiff had injured his back several times and was determined to have a permanent partial disability under workers' compensation guidelines. Within the year before plaintiff's termination, the Council discontinued the position of a full-time assistant for plaintiff and instead made the individual who previously held that position available to assist plaintiff 15 hours per week. The Council also rewrote plaintiff's job description to require the ability to lift and carry 100 pounds. Citing plaintiff's inability to cooperate with coworkers, lateness in filing some invoices and disrespect of Newvine, Newvine terminated his employment.

Plaintiff commenced this action. He thereafter applied for and received Social Security Disability Insurance (hereinafter SSDI) benefits. In response to defendants' motion for summary judgment, Supreme Court partially granted the motion, dismissing all causes of action except the one alleging disability discrimination. Defendants appeal only that denial.

Contrary to defendants' argument, plaintiff established a prima facie case of disability discrimination. To sustain allegations of disability discrimination under the Human Rights Law, plaintiff was required to demonstrate that he suffers from a disability, he was discharged, he was qualified to hold the position, and the discharge occurred under circumstances giving rise to an inference of discrimination based on his disability (*see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 330 [2003]; *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *see also* Executive Law § 296). Defendants concede, for purposes of this appeal, that plaintiff suffers from a disability and that he was discharged. The job description change and discussions among the Council's board of directors regarding plaintiff's employment give rise to an inference of discrimination.

Applying federal Americans with Disabilities Act precedent (*see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, supra* at 330; *Ferrante v American Lung Assn., supra* at 629), the remaining question relates to whether plaintiff could perform the essential functions of his job with or without reasonable accommodations and whether the Council refused to make such accommodations (*see Parker v Columbia Pictures Indus.*, 204 F3d 326, 332 [2000]). "Whether or not something constitutes a reasonable accommodation is necessarily fact-specific" (*Wernick v Federal Reserve Bank of N.Y.*, 91 F3d 379, 385 [1996] [citation omitted]). Once plaintiff established that he was qualified to perform the essential functions of the position with or without reasonable accommodations, the burden shifts to defendants to show that no reasonable accommodation is possible (*see Parker v Columbia Pictures Indus., supra* at 332; *Gilbert v Frank*, 949 F2d 637, 642 [1991]). Although an employer is not required to hire another employee to perform tasks that constitute essential functions of a disabled employee's position (*see Gilbert v Frank, supra* at 644), i.e., the Council was not required to continue staffing a full-time assistant for plaintiff if such a position was costly and inefficient, plaintiff was entitled to reasonable accommodations if they could feasibly be provided. Questions of fact exist regarding such reasonable accommodations. For example, plaintiff alleges

that although defendants repeatedly assured him that his former assistant was available to assist with lifting and carrying heavy objects, this was mere lip service and the assistant frequently was unavailable when needed, requiring plaintiff to violate his lifting restrictions or leave his work undone. Defendants' denials of these claims raise credibility questions, which should not be addressed on a motion for summary judgment. Fact-specific questions about reasonable accommodations preclude summary judgment here.

Plaintiff's action is not precluded by his application for SSDI benefits. The United States Supreme Court has held that applying for and receiving SSDI benefits does not automatically preclude a disability discrimination claim (*see Cleveland v Policy Mgt. Sys. Corp.*, 526 US 795, 797 [1999]). Instead, plaintiff is required to explain any inconsistency between an SSDI application which presumably indicates an inability to work with a claim that he was able to perform the essential functions of his former position, at least with reasonable accommodations (*see id.* at 797-798; *Parker v Columbia Pictures Indus., supra* at 333). This requires a fact-specific analysis which is difficult to undertake on this record, considering the absence of plaintiff's SSDI application. He may be able to show that he was considered disabled because he is unable to perform lifting and carrying functions, but that he is capable of performing his other job duties and can perform his job with reasonable accommodations regarding those limited functions. Thus, summary judgment is inappropriate on this record.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.