**Andrew PRICE, Plaintiff–Appellant,**

v.

**The CITY OF NEW YORK, Patrick E. Kelleher, First Deputy Commissioner, in his personal and professional capacity, and Michael A. Markman, NYPD Chief of Personnel, in his personal and professional capacity, Defendants–Appellees.**

No. 06–3481–cv.

United States Court of Appeals, Second Circuit.

Feb. 13, 2008.

Rocco Avallone (Linda M. Cronin, George C. Fontana, Jr., on the brief), Cronin & Byczek, LLP, Lake Success, NY, for Plaintiff–Appellant.

Suzanne K. Colt (Michael A. Cardozo, Corporation Counsel of the City of New York, Pamela Seider Dolgow, of counsel, on the brief), New York, NY, for Defendants–Appellants.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Andrew Price ("Price"), a now-retired officer of the New York City Police Department ("NYPD" or "Department"), brought this action in the United States District Court for the Southern District of New York (Hellerstein, J.) against defendants-appellees the City of New York ("City"), Patrick E. Kelleher, First Deputy Commissioner, in his personal and professional capacity, and Michael A. Markman, NYPD Chief of Personnel, in his personal and professional capacity, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); the Rehabilitation Act, 29 U.S.C. § 794; 42 U.S.C. § 1983; and New York state and municipal human rights law, N.Y. Exec. § 296 and N.Y.C. Admin. Code § 8–107, alleging selective treatment and disability discrimination by the NYPD. He now appeals the district court's orders, entered July 22, 2005 and June 23, 2006, 2006 WL 1738225, granting summary judgment to defendants-appellants on

Price's selective treatment and ADA claims, respectively. We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ Price alleges that NYPD treated him differently than other similarly situated officers who were injured off-duty, and that this selective treatment violates the Equal Protection Clause of the Fourteenth Amendment. To prevail on a "class of one" selective treatment claim without asserting membership in a protected class, Price must demonstrate, *inter alia*, that the defendants *intentionally* treated him differently from others similarly situated without any rational basis. *See Giordano v. City of New York*, 274 F.3d 740, 751 (2d Cir.2001). Price has provided no evidence that, even if there are other permanently disabled officers who suffered their injuries off-duty and who remained employed by NYPD after their disabling injury longer than Price, the defendants intentionally treated Price differently from such officers. *See id.* We therefore affirm the grant of summary judgment with respect to Price's selective treatment claim, without deciding whether, as the district court concluded, such a claim requires the plaintiff to demonstrate the differential treatment "was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *LaTrieste Rest. & Cabaret Inc. v. Vill. of Port Chester*, 40 F.3d 587, 590 (2d Cir.1994) (internal quotation marks omitted); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (recognizing equal protection claim "where the plaintiff alleges that [he or] she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"); *Giordano*, 274 F.3d at 751

(declining to decide whether "*Olech* changed this Circuit's requirement that a 'class of one' plaintiff alleging an equal-protection violation show an illicit motivation").

The district court's grant of summary judgment on Price's ADA claim was based on its conclusion that Price did not demonstrate that "he was otherwise qualified to perform the essential functions of his job," and therefore failed to establish a *prima facie* case of discrimination under the ADA. *See Giordano*, 274 F.3d at 747 (stating the elements of a prima facie ADA claim). This conclusion relied on the City's representation that it had an official policy that all full-time police officers must be able to perform patrol duties. The court held that even assuming Price properly identified six exceptions to the stated policy, those exceptions did not demonstrate a de facto policy of allowing permanently disabled officers injured off-duty to remain employed, which might undermine NYPD's assertion that patrol duties were an "essential function."

■ Viewing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in his favor, we find that the record evidence before the district court as to this point was not adequately developed to support the grant of summary judgment to defendants. In *Stone v. City of Mount Vernon*, 118 F.3d 92 (2d Cir.1997), a case concerning a disabled firefighter who sought transfer to a light-duty position, we laid out factors relevant to determining whether a job function is essential, including the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the consequences of not requiring the plaintiff to perform the function, mention of the function in any collective bargaining agreement, the work experience of past employees in the job,

and the work experience of current employees in similar jobs. *See id.* at 97 (quoting 29 C.F.R. § 1630.2(n)).[1] "The consequences of failing to require the employee to perform the function may be another indicator of whether a particular function is essential. For example, although a firefighter may not regularly have to carry an unconscious adult out of a burning building, the consequence of failing to require the firefighter to be able to perform this function would be serious." 29 C.F.R. pt. 1630, App. § 1630.2(n). " 'A court must give considerable deference to an employer's judgment regarding what functions are essential for service in a particular position.' " *Shannon v. New York City Transit Auth.,* 332 F.3d 95, 99 (2d Cir.2003) (quoting *D'Amico v. City of New York,* 132 F.3d 145, 151 (2d Cir. 1998)). However, "the considerations set out in [the] regulation are fact-intensive. Usually no one listed factor will be dispositive, and the regulations themselves state that the evidentiary examples provided are not meant to be exhaustive." *Stone,* 118 F.3d at 97. The district court, in focusing on the policies of the police department in general, failed to allow sufficient discovery as to whether patrol duty constituted an essential function of the PPO position in particular under all of the factors set forth above, as well as any other factors that may be relevant to such a determination. *See id.* at 99 ("[P]roper analysis of a claim under the federal disability statutes[ ] must be focused on the fundamental job duties *of the employment position the individual with a disability desires,* rather than solely on the title held by a person occupying that position or the other positions occupied by most persons holding that title." (internal quotations, alterations, and citation omitted)). Accordingly, we vacate the grant of summary judgment on Price's ADA claim and remand for further discovery and consideration by the district court.

Finally, the district court did not consider Price's remaining claims of disability discrimination under the Rehabilitation Act, state law, and municipal law. To the extent the district court dismissed these claims on the basis of its essential functions conclusion, we vacate that dismissal.

For the foregoing reasons, we AFFIRM the grant of summary judgment with respect to Price's equal protection claim. With respect to Price's ADA and the dismissal of related disability claims under the Rehabilitation Act and New York state and municipal law, we VACATE and REMAND to the district court for further findings on the issues posed above pursuant to the procedure outlined in *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). Following the district court's decision, any party to this appeal may restore jurisdiction to this Court within 30 days by letter to the Clerk's Office seeking review. Such notification will not require the filing of a new notice of appeal. If notification occurs, the matter will be referred automatically to this panel for disposition.

---

1. In vacating the judgment of the district court, we do not necessarily suggest that *Stone* controls this case. There may be factual differences between the circumstances in *Stone*—such as the size of the department, the department's reliance on outside personnel, and the existence of designated administrative bureaus—that distinguish it from this case. Indeed, the entire context of a major urban police force may weigh in the balance. We leave it to the district court to make this determination in the first instance, if and when necessary.