◼ TINA MARIE GILL, Appellant, v THOMAS A. MAUL, as Commissioner of Mental Retardation and Developmental Disabilities, Respondent. [876 NYS2d 751]—

Malone Jr. J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered November 28, 2007 in Madison County, upon a decision of the court in favor of defendant.

Plaintiff was employed by the Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD) as a developmental aide. A developmental aide assists developmentally disabled individuals and is required to "control and restrain violent or hyperactive individuals" if necessary. In 1998, plaintiff sustained a work-related injury while attempting a "take-down," a type of restraint. In September 1999, plaintiff

was advised that her employment would be terminated pursuant to the provisions of Civil Service Law § 71, but that she could request a reasonable accommodation pursuant to the Federal Americans with Disabilities Act (42 USC § 12131 *et seq.* [hereinafter ADA]). Plaintiff thereafter sought a return to work with limited lifting and physical interventions. OMRDD never issued a decision on her request, apparently because there was not enough time to do so prior to the termination date.

Plaintiff thereafter commenced this action alleging that OMRDD discriminated against her on the basis of her disability in violation of Executive Law § 296. Following a nonjury trial, Supreme Court dismissed the complaint on the grounds that plaintiff failed to establish either that she could perform the work of a developmental aide with a reasonable accommodation or that a reasonable accommodation existed. Plaintiff appeals.

We note at the outset that cases addressing claims asserted under the ADA are relevant to our analysis, as the ADA and Executive Law § 296 use the same legal standards to establish discrimination (*see Pimentel v Citibank, N.A.*, 29 AD3d 141, 147 n 2 [2006], *lv denied* 7 NY3d 707 [2006]; *Engelman v Girl Scouts-Indian Hills Council, Inc.*, 16 AD3d 961, 962 [2005]). In order to succeed on her discrimination claim, plaintiff was obliged to demonstrate that she suffers from a disability, was discharged from a position, was qualified to hold the position, and the circumstances surrounding her discharge gave rise to an inference of disability discrimination (*see Engelman v Girl Scouts-Indian Hills Council, Inc.*, 16 AD3d at 962). The first two elements are admittedly present. Assuming without deciding that plaintiff demonstrated that she was discharged under circumstances giving rise to an inference of discrimination, she was also obliged to show that she was qualified to hold the job. To do that, plaintiff bore the initial burden to "show that she [could] perform the essential functions of the job in spite of the handicap either (a) with no need for accommodation, or (b) with a reasonable accommodation" (*Gilbert v Frank*, 949 F2d 637, 642 [2d Cir 1991]; *see Pembroke v New York State Off. of Ct. Admin.*, 306 AD2d 185, 185 [2003]).

After independently reviewing the evidence presented at the nonjury trial and according appropriate deference to Supreme Court's credibility determinations, we agree that the complaint should be dismissed (*see Caggianelli v Sontheimer*, 46 AD3d 1206, 1207 [2007]). Whether a job function is essential depends on multiple factors, "including the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the consequences of not requiring the

plaintiff to perform the function, mention of the function in any collective bargaining agreement, the work experience of past employees in the job, and the work experience of current employees in similar jobs" (*Price v City of New York*, 264 Fed Appx 66, 68-69 [2d Cir 2008]). The written job description of a developmental aide required, and OMRDD expected, that an aide be able to "lift and move bedridden and other incapacitated individuals" and "respond appropriately to behavioral problems, including the use of approved physical intervention techniques." OMRDD's judgment in that regard is entitled to considerable deference (*see Shannon v New York City Tr. Auth.*, 332 F3d 95, 100 [2d Cir 2003]). Also, plaintiff admitted that she frequently performed both functions. It is clear, thus, that both functions are essential to the job of developmental aide and that plaintiff cannot perform them.

That being said, plaintiff "can still prevail by showing that she requested and was refused reasonable accommodations" (*Pimentel v Citibank, N.A.*, 29 AD3d at 146). The proposed accommodation here was plaintiff's reassignment to a work location where the assisted individuals were at a high level of function and would be less likely to need significant assistance. A reassignment can constitute a reasonable accommodation (*see id.* at 146-147). Having said that, plaintiff would have remained a developmental aide in those locations. Regardless of an assisted individual's level of function, a developmental aide may have to lift, move or otherwise substantially assist that individual in the event of injury or an emergency such as a fire. Although infrequent, such situations have arisen and could arise again, and the consequences of a developmental aide's inability to perform the functions at issue could be severe (*see Shannon v New York City Tr. Auth.*, 332 F3d at 103; *Frazier v Simmons*, 254 F3d 1247, 1259-1260 [10th Cir 2001]; *Hoskins v Oakland County Sheriff's Dept.*, 227 F3d 719, 727 [6th Cir 2000]). Moreover, a developmental aide has few or no coworkers and must be able to perform all of the tasks required (*see Alexander v Northland Inn*, 321 F3d 723, 727 [8th Cir 2003]). As plaintiff's proposed accommodation would have eliminated essential functions of the job, it was therefore not reasonable and she failed to demonstrate that she was qualified for her original job or any reassignment (*see Gilbert v Frank*, 949 F2d at 642). Accordingly, the complaint was properly dismissed.

Cardona, P.J., Peters, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.