■ In the Matter of the Arbitration between CAPITAL DISTRICT TRANSPORTATION AUTHORITY, Respondent, and RALPH PLANZ et al., Appellants. [892 NYS2d 580]—

Kane, J.

Respondent Ralph Planz worked for petitioner as a bus operator. Planz was a member of respondent Amalgamated Transit Union, Local 1321, which was a party to a collective bargaining agreement (hereinafter CBA) with petitioner. When Planz had not returned to work more than a year after suffering an injury, petitioner terminated his employment under a provision of the CBA. Contending that a different clause of the provision applied and would prevent his termination at that time, Planz filed a grievance. After petitioner denied the grievance, respondents demanded arbitration of the dispute pursuant to the CBA. Petitioner commenced this proceeding seeking to stay arbitration. Finding that the CBA barred arbitration with regard to leaves of absence, Supreme Court granted the petition. On respondents' appeal, we reverse.

Supreme Court erred in granting a stay of arbitration. When determining whether a public employment grievance is arbitrable, a court must first determine if the Taylor Law (*see* Civil Service Law art 14) authorizes arbitration of the subject matter in dispute, and then determine whether the parties agreed in their CBA to arbitrate disputes in the specific area at issue (*see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513 [1977]; *Matter of Union-Endicott Cent. School Dist. [Endicott Teachers' Assn.]*, 59 AD3d 799, 800 [2009]). The parties here concede that the Taylor Law permits arbitration of this matter, leaving us to decide only if their CBA requires them to arbitrate this dispute. If an agreement contains a broad arbitration clause, the court should only decide whether there is a reasonable relationship between the disputed subject matter and the general subject matters covered by the CBA (*see Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.]*, 2 AD3d 1190, 1192 [2003], *lv denied* 2 NY3d 708 [2004]). "Absent express exclusion of the subject of a grievance, matters of interpretation of the agreement are for the arbitrator" (*Matter of Legislature of County of Rensselaer [Allen]*, 44 AD2d 628, 628 [1974]; *see Matter of Exercycle Corp. [Maratta]*, 9 NY2d 329, 334 [1961]; *Matter of County of Sullivan [Sullivan County Empls. Assn.]*, 235 AD2d 748, 749 [1997]).

Pursuant to the broad provisions of the CBA here, grievances are arbitrable. A grievance is defined to include "any alleged

violation of this [CBA] or any dispute with respect to its meaning, interpretation or application" (*compare Matter of Legislature of County of Rensselaer [Allen]*, 44 AD2d at 629). Therefore, unless an issue is specifically and unambiguously excluded, it is subject to arbitration (*see Matter of Amalgamated Tr. Union, Local Div. 1321 [Capital Dist. Tr. Sys., No. One, Capital Dist. Transp. Dist.]*, 300 AD2d 809, 810 [2002]). Petitioner contends that Planz's grievance is excluded by the following clause: "It is specifically agreed that . . . no arbitrator shall . . . review decisions made pursuant to the Article entitled 'Promotion' or that entitled 'Leaves of Absence.' " Yet the CBA does not include any article with either of those precise titles. This Court previously held that the same quoted provision of a prior CBA between the same parties did not prevent arbitration of an issue related to promotions, as the CBA should be interpreted by the arbitrator (*see Matter of Amalgamated Tr. Union, Local Div. 1321 [Capital Dist. Tr. Sys., No. One, Capital Dist. Transp. Dist.]*, 300 AD2d at 810-811 [2002]).* The CBA does contain an article entitled "Leaves of Absence, Holidays and Sick Leave." This renders the exclusion ambiguous; the parties could have intended to prevent arbitration under this longer-titled section, or they could have mistakenly included the exclusion based on articles entitled "Leaves of Absence" in similar CBAs applicable to other bargaining units (*cf. Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]). The ambiguity concerning the exclusion from arbitration presents a question of contract interpretation that must be resolved by the arbitrator (*see Matter of Exercycle Corp. [Maratta]*, 9 NY2d at 334; *Matter of Legislature of County of Rensselaer [Allen]*, 44 AD2d at 628). Hence, the matter should proceed to arbitration.

Mercure, J.P., Spain, Rose and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

---

* The prior CBA contained a separate article stating that all issues regarding interpretation of the CBA were to be resolved through arbitration. Subsequent removal of that article does not alter the result here, because during the same contract negotiations the definition of grievance was expanded to include interpretation of the agreement, and grievances are subject to arbitration.