■ In the Matter of NEW YORK STATE DEPARTMENT OF LABOR (UNEMPLOYMENT INSURANCE APPEAL BOARD), Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.
[897 NYS2d 740]—

Peters, J.P. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Division of Human Rights which, among other things, found petitioner guilty of retaliatory discharge and awarded respondent Cynthia T. Lowney damages.

Respondent Cynthia T. Lowney was hired by petitioner in May 1991 to serve as an Administrative Law Judge (hereinafter ALJ) for the Unemployment Insurance Appeal Board and was assigned to be supervised by senior ALJ Ronald Moss. Lowney had her work reviewed on a daily basis by Frank Graffeo and Allen Brenner, more experienced ALJs. Lowney soon began to experience what she perceived to be sexually harassing and gender-based discriminatory conduct by Moss, which prompted her to contact petitioner's Division of Equal Opportunity Development (hereinafter DEOD) in November 1991. Soon after, the relationship between Moss and Lowney deteriorated and Timothy Coughlin, Executive Director of the Unemployment Insurance Appeal Board, appointed himself Lowney's direct supervisor. Thereafter, in April 1992, at Coughlin's request, Lowney's employment was terminated.

In response, Lowney filed grievances both before and after her discharge, including that her termination was in retaliation for her complaints to DEOD. Ultimately, they were consolidated and heard by an arbitrator as part of the final step in the grievance process. The arbitrator issued a decision in March 1996 awarding Lowney $1,200 for petitioner's failure to investigate her claims of discrimination, but dismissing the balance of Lowney's grievances, including her claim of retaliatory discharge.

Meanwhile, Lowney had filed a complaint with respondent State Division of Human Rights (hereinafter SDHR) in April 1992. In April 1996, SDHR issued a probable cause determination and, in April 2004, some 12 years after Lowney's complaint was filed, a public hearing on the matter was finally commenced. Following the hearing, which encompassed 37 days of testimony over 16 months, SDHR ultimately issued an alternative proposed order in March 2007 finding petitioner guilty of retaliatory discharge and ordering, among other things, that petitioner pay Lowney $46,656 in back pay, with interest accruing thereon from March 1, 1993 at a rate of 9% per year, $50,000 as compensation for mental anguish, and out-of-pocket expenses she incurred because of her wrongful termination. The Commissioner of Human Rights adopted that order and petitioner thereafter commenced this proceeding seeking to annul the determination.*

Initially, contrary to Lowney's contention, we find that Supreme Court properly transferred the proceeding to this Court (*see* Executive Law § 298; *see generally Matter of Regal Entertainment Group v New York State Div. of Human Rights,* 61 AD3d 1102 [2009], *lv dismissed* 13 NY3d 893 [2009]).

Turning to the merits, petitioner initially contends that SDHR improperly failed to dismiss Lowney's complaint based on res judicata and collateral estoppel as a result of the March 1996 arbitration decision. There is no question that these principles apply to awards in arbitration (*see Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 189-190 [1977]; *Matter of Gooshaw v City of Ogdensburg,* 67 AD3d 1288, 1290 [2009]) and, because we find both that the arbitrator had the power to arbitrate and that he actually decided the underlying issues later determined to the contrary by SDHR, we now annul.

An arbitrator's interpretation and application of the terms of a collective bargaining agreement (hereinafter CBA) is entitled to deference unless "the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Henneberry v ING Capital Advisors, LLC,* 10 NY3d 278, 284

---

* On the same day, Lowney commenced a proceeding in Supreme Court in New York County, pursuant to CPLR article 78, to review SDHR's order, seeking, among other things, full back pay from the date of her termination to the date of the order, an increased amount of compensatory damages, the value of lost fringe benefits and reinstatement. Lowney's petition was dismissed for lack of personal jurisdiction due to improper service, and that decision was affirmed by the First Department (*Matter of Lowney v New York State Div. of Human Rights,* 68 AD3d 551 [2009]).

[2008] [internal quotation marks and citation omitted]; *see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York]*, 15 AD3d 748, 750 [2005]). As pertinent here, there was no such limitation because the CBA was ambiguous and did not clearly bar arbitration of Lowney's claim, and the arbitrator reasonably resolved the ambiguity in Lowney's favor (*see Matter of Capital Dist. Transp. Auth. [Planz]*, 68 AD3d 1499, 1500-1501 [2009]; *Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO]*, 64 AD3d 859, 862-863 [2009]). The first sentence of section 34.1 (a) of the CBA defines a "contract grievance" as "a dispute concerning the interpretation, application or claimed violation of a specific term or provision of [the CBA]." Because Lowney alleged conduct that would violate a specific provision of the CBA, namely section 36.2 by which petitioner agreed to refrain from any form of illegal discrimination, her claim would constitute a contract grievance. The second sentence of section 34.1 (a), however, states: "Other disputes which do not involve the interpretation, application, or claimed violations of a specific term or provision to this Agreement *including* matters as to which other means of resolution are provided or foreclosed by this Agreement, or by statute or administrative procedures applicable to the State, shall not be considered contract grievances" (emphasis added). The ambiguity arises because the sentence can be read to limit the exclusion of matters for which there is a statutory remedy to disputes that do not involve specific provisions of the CBA, or to expand the class of excluded disputes beyond those that do not involve the interpretation, application or claimed violation of a specific provision of the CBA. Reasoning that if claims such as Lowney's were not contract grievances then the CBA's provision barring illegal discrimination would be meaningless, the arbitrator resolved this ambiguity by recognizing Lowney's claims as arbitrable grievances (*see Matter of Capital Dist. Transp. Auth. [Planz]*, 68 AD3d at 1501; *Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO]*, 64 AD3d at 862-863).

As a result, Lowney was precluded from relitigating either the arbitrator's findings of fact or his conclusions in a subsequent proceeding, and SDHR was required to give them collateral estoppel effect (*see Matter of Guimarales [New York City Bd. of Educ.—Roberts]*, 68 NY2d 989, 991 [1986]; *Matter of Metro-North Commuter R.R. Co. v New York State Exec. Dept. Div. of Human Rights*, 271 AD2d 256, 257 [2000]). The arbitrator credited the testimony of petitioner's managers and found that, despite warnings of specific errors and deficiencies,

Lowney's work had been and continued to be unacceptable, and she would not have been discharged if she had heeded those warnings and complied with her employer's requirements. The arbitrator further found that there was no credible evidence of a plot to terminate Lowney, and there was no discriminatory animus or vindictiveness in her supervision. Clearly, the arbitrator could not have made these findings without rejecting all of Lowney's claims, including her allegation that she was terminated from her employment in retaliation for having complained of sexual harassment and gender discrimination to DEOD and others.

Rather than consider some other evidence and make "independent additional factual findings" that would support an independent determination that Lowney had been terminated in retaliation for her complaints (*Matter of Guimarales [New York City Bd. of Educ.—Roberts]*, 68 NY2d at 991; *see Matter of Stanton [Commissioner of Labor]*, 275 AD2d 844 [2000]), SDHR merely decided that it was not bound by any of the arbitror's determinations because it viewed Lowney's retaliation claim as alleging a type of discrimination different than that considered in the arbitration. SDHR then substituted its own contrary findings that there were no significant deficiencies in Lowney's work and, therefore, they could not have been the real reason for her termination. However, since the underlying acts of petitioner in terminating Lowney had been determined in the arbitration, SDHR could only correctly conclude that there was a nondiscriminatory basis for her termination (*see Matter of Ranni [Ross]*, 58 NY2d 715, 717 [1982]; *Matter of Bishop [New York City Human Resources Admin.—Commissioner of Labor]*, 282 AD2d 924, 924 [2001]; *Matter of Metro-North Commuter R.R. Co. v New York State Exec. Dept. Div. of Human Rights*, 271 AD2d at 257; *see also Peterkin v Episcopal Social Servs. of N.Y., Inc.*, 24 AD3d 306, 307 [2005]; *Matter of Kilgore [Triboro Coach Corp.—Sweeney]*, 227 AD2d 710, 710-711 [1996]). Accordingly, its contrary determination must be annulled.

Finally, we take this opportunity to decry SDHR's egregious delays in processing Lowney's complaint. SDHR took 12 years between the filing of the complaint and commencement of the hearing to accomplish what Executive Law § 297 contemplates to be completed in less than 16 months (*see* Executive Law § 297 [2] [a]; [4] [a]). SDHR then spent an inexcusable three years conducting the hearing and rendering its determination, a process that the statute directs it to complete in 180 days (*see* Executive Law § 297 [4] [c]). Even if inadequate funding and understaffing contributed to these delays, they were an abuse of

SDHR's discretion that prejudiced all parties (*see Matter of Heller v Chu*, 111 AD2d 1007, 1008-1009 [1985], *appeal dismissed* 66 NY2d 696 [1985]).

In light of our holding, we need not discuss the parties' remaining contentions.

Rose, Kavanagh and McCarthy, JJ., concur; Kane, J., not taking part. Adjudged that the determination is annulled, without costs, petition granted and complaint dismissed.