■ In the Matter of JAN KIBLER, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [937 NYS2d 447]—

Garry, J.

Petitioner sought arbitration of the disciplinary charge pursuant to the applicable collective bargaining agreement. On the first day of the arbitration hearing, the parties agreed that petitioner would return to work, that air filters would be placed in the computer room, and that DOCS would assign an occupational health and safety specialist to conduct an environmental quality survey of the areas where she worked.[3] However, on the day of her return, petitioner allegedly became ill in the computer room, left the room, and was again suspended. The arbitration was reopened and, after a hearing, the arbitrator determined that there was probable cause to discipline petitioner for insubordination and that the proposed penalty of discharge

3. This survey was subsequently carried out by an industrial hygienist, who found nothing in petitioner's classroom or the computer room that was "outside of the generally considered 'normal' range of air quality" for such spaces.

was justified. Petitioner was thereafter terminated from her employment.

Petitioner filed a complaint with respondent State Division of Human Rights (hereinafter SDHR) alleging that DOCS had discriminated against her because of her disability. SDHR found probable cause to support the complaint. After a fact-finding hearing, an Administrative Law Judge issued recommended findings of fact and an opinion finding that petitioner had failed to establish a prima facie case of disability discrimination because, notwithstanding attempts by DOCS to provide reasonable accommodations, she was unable to perform an essential function of her job. After receiving petitioner's objections, SDHR adopted this determination and dismissed the complaint. Petitioner then commenced this proceeding seeking annulment of the determination pursuant to Executive Law § 298, and Supreme Court transferred the proceedings to this Court.[4]

Petitioner's primary contention is that the record does not support SDHR's conclusions that DOCS provided her with a reasonable accommodation or that teaching in the computer lab was an essential function of her job. DOCS responds that as these issues were decided by the arbitrator, petitioner is precluded from relitigating them. Initially, we reject petitioner's contention that DOCS waived this defense. DOCS raised the claim in the SDHR proceeding as an affirmative defense in its verified answer to the complaint (see 9 NYCRR 465.11 [a], [c] [2]); there was no requirement to do so at an earlier stage of the proceeding.[5]

Conclusive effect is given to quasi-judicial administrative determinations when the issue upon which collateral estoppel is sought is identical to an issue necessarily resolved in a prior decision (see Ryan v New York Tel. Co., 62 NY2d 494, 499-500 [1984]; Matter of Bartenders Unlimited [Commissioner of Labor], 289 AD2d 785, 786 [2001], lv denied 98 NY2d 601 [2002]). The collateral estoppel doctrine applies to determinations rendered in arbitration proceedings (see Matter of New York State Dept. of Labor [Unemployment Ins. Appeal Bd.] v New York State Div. of Human Rights, 71 AD3d 1234, 1236 [2010], lv denied 15 NY3d 714 [2010]; Matter of Gooshaw v City of Ogdensburg, 67 AD3d 1288, 1290 [2009]). The analysis "turn[s] on the identity of the issues involved and whether there was a full and fair op-

---

4. The proceedings against SDHR and DOCS were initially transferred separately, and later consolidated upon a motion granted by this Court.

5. DOCS additionally moved to dismiss the SDHR complaint on the ground of collateral estoppel, but the record does not indicate that any determination was rendered on this motion.

portunity to litigate the issue in the prior proceeding" (*Matter of Guimarales [New York City Bd. of Educ.—Roberts]*, 68 NY2d 989, 991 [1986]). Applying these tests, we find the doctrine applicable here.

To establish employment discrimination in the SDHR proceeding, petitioner was required to demonstrate that she suffered from a disability and that she was discharged from a position for which she was qualified under circumstances giving rise to an inference of discrimination (*see Gill v Maul*, 61 AD3d 1159, 1160 [2009]; *Engelman v Girl Scouts-Indian Hills Council, Inc.*, 16 AD3d 961, 962 [2005]). Petitioner's teaching qualifications, disability and discharge were not disputed, so the sole issue remaining was whether she could perform the essential functions of her job, either without accommodation or with reasonable accommodation (*see Gill v Maul*, 61 AD3d at 1160). This factual issue was necessarily resolved as part of the arbitrator's determination that DOCS had just cause to discipline petitioner for refusing to teach in the computer room. In concluding that her refusal was not justified, the arbitrator specifically found and determined that teaching in this room was a requirement of her employment, that DOCS could not reasonably be expected to provide a completely irritant-free environment, and that its effort to improve the room's air quality by installing filters was a reasonable attempt to accommodate her disability. The arbitrator further concluded that although the filters were unsatisfactory to petitioner, DOCS was not obliged to alter its job requirements by exempting her from the obligation to teach in the computer room. In sum, the arbitrator determined that DOCS made reasonable accommodations and that teaching in the computer room was an essential function of petitioner's job. We thus find that DOCS met its burden, as the proponent of collateral estoppel, "to demonstrate the identicality and decisiveness of the issue[s]" (*Ryan v New York Tel. Co.*, 62 NY2d at 501). Petitioner failed to satisfy her corresponding burden to demonstrate that she did not have a full and fair opportunity to litigate the issue (*see id.*; *Gadani v DeBrino Caulking Assoc., Inc.*, 86 AD3d 689, 691 [2011]), as the record reveals that she requested the arbitration, was represented by union counsel at the hearing and, as characterized by the arbitrator, testified "at length" about her disability, her adverse reactions to the computer room, her view that the air filters were unhelpful, and her contention that she could teach successfully without entering the room. Accordingly, SDHR should have dismissed the petition on the ground that petitioner was barred from relitigating the matters decided by the arbitrator (*see Matter of Guimarales [New York City Bd. of Educ.—*

*Roberts]*, 68 NY2d at 991; *Matter of New York State Dept. of Labor [Unemployment Ins. Appeal Bd.] v New York State Div. of Human Rights,* 71 AD3d at 1236-1238), and thus failed to establish the essential elements of her claim (*see Gill v Maul,* 61 AD3d at 1160-1161).

In light of this determination, we do not address the parties' remaining substantive and procedural contentions.

Peters, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.