Matter of Hirsch v New York State Div. of Human Rights (2024 NY Slip Op 05683)

Matter of Hirsch v New York State Div. of Human Rights

2024 NY Slip Op 05683

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, DELCONTE, AND KEANE, JJ.

695 TP 24-00675

[*1]IN THE MATTER OF DACIA HIRSCH, PETITIONER,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, AND OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES, RESPONDENTS. 

EISENBERG & BAUM, LLP, NEW YORK CITY (ANDREW ROZYNSKI OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR RESPONDENTS.

 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [James A. Vazzana, J.], entered April 1, 2024) to review a determination of respondent New York State Division of Human Rights. The determination dismissed petitioner's complaint. 
It is hereby ORDERED that the determination is unanimously annulled on the law without costs and the matter is remitted to respondent New York State Division of Human Rights for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (DHR) dismissing her complaint against respondent Office for People With Developmental Disabilities (OPWDD). Petitioner, who was born deaf, alleges that OPWDD unlawfully discriminated against her in violation of Executive Law § 296 by rescinding an offer of employment at OPWDD because of her hearing loss without first offering her a reasonable accommodation.
Our review of the determination, which adopted the findings of the Administrative Law Judge (ALJ) who conducted the public hearing, is limited to the issue whether it is supported by substantial evidence (see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331 [2003]; Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106 [1987]). "It is peculiarly within the domain of the [DHR] Commissioner, who is presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful discrimination" (Matter of Garvey Nursing Home v New York State Div. of Human Rights, 209 AD2d 619, 619 [2d Dept 1994] [internal quotation marks omitted]). Thus, we are not permitted to " 'weigh the evidence or reject' DHR's 'choice where the evidence is conflicting and room for a choice exists' " (Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d 326, 333 [2024], quoting Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept., 71 NY2d 623, 631 [1988]; see Matter of City of Niagara Falls v New York State Div. of Human Rights, 94 AD3d 1442, 1443-1444 [4th Dept 2012]).
Under New York State Human Rights Law (NYSHRL), petitioner "bears the burden of establishing a prima facie case . . . showing that (1) [she] is a person with a disability under the meaning of the [NYSHRL]; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, [she] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations" (Matter of Abram v New York State Div. of Human Rights, 71 AD3d 1471, 1473 [4th Dept 2010] [internal quotation marks omitted]; see Executive Law § 296; Rainer N. Mittl, Ophthalmologist, P.C., 100 NY2d at 330). There is no dispute that the first two elements are met here, inasmuch as petitioner was [*2]born deaf and used interpreters during her interview and physical examination with OPWDD.
DHR's determination as to the third element is not supported by substantial evidence. "Whether a job function is essential depends on multiple factors, 'including the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the consequences of not requiring the plaintiff to perform the function, mention of the function in any collective bargaining agreement, the work experience of past employees in the job, and the work experience of current employees in similar jobs' " (Gill v Maul, 61 AD3d 1159, 1160-1161 [3d Dept 2009], quoting Price v City of New York, 264 Fed Appx 66, 68-69 [2d Cir 2008]). Rather than considering such factors and whether petitioner made a prima facie case that she could undertake the essential functions of the job with or without reasonable accommodation, DHR adopted the conclusory determination that "[t]he physical requirements for the . . . position" as set forth by the Department of Civil Service, and specifically the requirement that petitioner must pass a hearing test, "are based on the essential functions of the job." That was error. Although written job descriptions, including the standards set by the Department of Civil Service, should be given deference in determining essential job functions in a reasonable accommodation analysis, no one factor is dispositive (see Hunt-Watts v Nassau Health Care Corp., 43 F Supp 3d 119, 127-128 [ED NY 2014]; see also Cardona v City of N.Y. Civ. Serv. Commn., 12 Misc 3d 1198 [A], *3-4 [Sup Ct, NY County 2006]; see generally Abram, 71 AD3d at 1473). Thus, DHR erred in making its determination based solely on the Department of Civil Service standards. Further, inasmuch as the record established that petitioner had previously performed substantially similar work, that she was able to perform that job with an interpreter as an accommodation, and that OPWDD's governing accommodation policy provides that reasonable accommodation includes providing interpreters, the record demonstrates that petitioner met her prima facie burden as to the third element.
As to the fourth element, DHR determined that petitioner "did not request a reasonable accommodation from" OPWDD, and therefore concluded that petitioner failed to establish a prima facie case that OPWDD failed to provide reasonable accommodation. However, even where a petitioner "did not request any specific accommodation" prior to initiating "litigation, [NYSHRL] require[s] [employers] to engage in an interactive dialogue regarding possible accommodations once they bec[o]me aware of [a prospective employee's] condition" requiring accommodation (Cooney v City of N.Y. Dept. of Sanitation, 224 AD3d 585, 586 [1st Dept 2024], citing Executive Law § 296 [3] [a]). Indeed, the implementing regulations specifically state that "[t]he employer has a duty to move forward to consider accommodation once the need for accommodation is known or requested" (9 NYCRR 466.11 [j] [4] [emphasis added]). Petitioner therefore met her prima facie burden as to the fourth element.
Given that petitioner "carried her 'de minimis burden' of showing a prima facie case of discrimination" (Basso v EarthLink, Inc., 157 AD3d 428, 429 [1st Dept 2018]; see Matter of Kaplan v New York State Div. of Human Rights, 95 AD3d 1120, 1123 [2d Dept 2012]), "the burden of production shift[ed] to [OPWDD] to rebut the presumption with evidence" that it chose not to hire petitioner "for a legitimate, nondiscriminatory reason" (Rainer N. Mittl, Ophthalmologist, P.C., 100 NY2d at 330). Because the ALJ's determination, as adopted by DHR, erroneously concluded that petitioner failed to demonstrate a prima facie case, no determination was made whether OPWDD rebutted the presumption. We therefore annul the determination and remit the matter to DHR for a new determination (see generally Clifton Park Apts., LLC, 41 NY3d at 334; Matter of Winkler v New York State Div. of Human Rights, 59 AD3d 1055, 1056-1057 [4th Dept 2009], lv denied 13 NY3d 717 [2010]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court