■ Fashawn Cohen, Appellant, v State of New York et al., Respondents. [10 NYS3d 628]—

In an action to recover damages for discrimination in employment on the basis of disability and retaliation in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), entered December 3, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, which alleged discrimination in employment on the basis of disability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, which alleged discrimination in employment on the basis of disability, is denied.

On June 8, 2004, the plaintiff sustained a work-related injury to her hand while employed as a correction officer by the defendant New York State Department of Correctional Services (hereafter DOCS), now known as the New York State Department of Corrections and Community Supervision. As a result of her injury, she was unable to work, and received workers' compensation benefits.

On May 9, 2005, DOCS sent the plaintiff a notice of proposed termination of her employment pursuant to Civil Service Law § 71. The plaintiff challenged the proposed termination and sought reinstatement prior to the effective date of her termination. DOCS denied the request, without ordering a new independent medical examination, on the grounds that the plaintiff had failed to demonstrate that she was medically fit to return to work, and had failed to provide the defendants, inter alia, with a date by which she would be able to return to full duty. On June 16, 2005, the plaintiff informed DOCS that she would undergo hand surgery on August 5, 2005. DOCS terminated the plaintiff's employment on June 17, 2005.

The plaintiff commenced this action, alleging, inter alia, that the defendants discriminated against her because of her disability by failing to provide a reasonable accommodation in the form of light duty or additional time for recovery.

As relevant to this appeal, upon the defendants' motion for summary judgment dismissing the complaint, the Supreme Court held, inter alia, that the defendants had established, prima facie, that the plaintiff's employment had been terminated for legitimate and nondiscriminatory reasons, and that the plaintiff, in opposition, had failed to introduce any evidence

that she requested an accommodation. Accordingly, the court granted that branch of the defendants' motion which was to dismiss the cause of action alleging disability discrimination.

An employer normally cannot obtain summary judgment on a disability discrimination claim pursuant to Executive Law § 296 "unless the record demonstrates that there is no triable issue of fact as to whether the employer duly considered the requested accommodation," and the employer cannot present such a record "if the employer has not engaged in interactions with the employee revealing at least some deliberation upon the viability of the employee's request" (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 837 [2014]).

"The employer has a duty to move forward to consider accommodation once the need for accommodation is known or requested" (9 NYCRR 466.11 [j] [4]). Viewing the evidence in the light most favorable to the nonmoving party (*see William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]), we find that the plaintiff's responses to the notice of proposed termination could reasonably have been understood as a request for accommodation, which DOCS rejected by terminating the plaintiff's employment based on her inability to return to work within the one year permitted under Civil Service Law § 71.

Therefore, we conclude that the defendants failed to establish, prima facie, that they engaged in a good faith interactive process that assessed the needs of the plaintiff and the reasonableness of her requested accommodation (*see Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d at 837). The defendants' remaining contentions are without merit.

Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, which alleged disability discrimination, should have been denied. Eng, P.J., Hall, Cohen and Barros, JJ., concur.