Matter of Strong v Fernandez (2020 NY Slip Op 06592)





Matter of Strong v Fernandez


2020 NY Slip Op 06592


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


560 TP 19-02267

[*1]IN THE MATTER OF DAVID STRONG, PETITIONER,
v
ANGELA FERNANDEZ, AS COMMISSIONER OF NEW YORK STATE DIVISION OF HUMAN RIGHTS AND R.L.E. CORP., DOING BUSINESS AS CASA IMPORTS, RESPONDENTS. 






LEGAL SERVICES OF CENTRAL NEW YORK, SYRACUSE (JAMES M. WILLIAMS OF COUNSEL), FOR PETITIONER.
SAUNDERS KAHLER, LLP, UTICA (MERRITT S. LOCKE OF COUNSEL), FOR RESPONDENT R.L.E. CORP., DOING BUSINESS AS CASA IMPORTS. 


 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Patrick F. MacRae, J.], entered October 11, 2019 to review a determination of respondent Angela Fernandez, as Commissioner of New York State Division of Human Rights. The determination dismissed the complaint. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of the New York State Division of Human Rights (Division) that he failed to establish that his former employer, respondent R.L.E. Corp., doing business as Casa Imports (Casa), discriminated against him based on a disability. Contrary to petitioner's contentions, we conclude that the determination is supported by substantial evidence (see generally Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106 [1987]).
Petitioner filed a verified complaint with the Division, alleging that Casa engaged in an unlawful discriminatory practice when it discharged him rather than providing him with a reasonable accommodation after he was diagnosed with Hodgkin's lymphoma. Following a public hearing, the Administrative Law Judge (ALJ) issued a proposed decision and order, concluding that petitioner had failed to establish a prima facie case of discrimination and thus that the complaint should be dismissed. The Division adopted the ALJ's decision and order. Petitioner thereafter commenced this proceeding pursuant to Executive Law § 298 against Casa and respondent Angela Fernandez, as Commissioner of New York State Division of Human Rights (Commissioner), which was transferred to this Court pursuant to Executive Law § 298.
Petitioner began working for Casa in 2011, and was diagnosed with Hodgkin's lymphoma in February 2016. From February 25, 2016 to May 19, 2016, Casa granted petitioner leave from work pursuant to the Family Medical Leave Act. In a letter to petitioner dated May 23, 2016, Casa's Human Resources (HR) director inquired about petitioner's status and requested that petitioner respond by May 31, 2016 about whether he was able to return to work. It is undisputed that petitioner obtained a letter from his physician, dated May 27, 2016, in which the physician wrote that petitioner required five more chemotherapy treatments, with the next treatment scheduled for June 7, 2016; that petitioner could not work on the days of his chemotherapy treatments (Tuesdays) or the following days; and that, during the remainder of the week, petitioner could work part-time, up to four or five hours per day, doing moderately intense work. The physician also noted in the letter that no heavy strenuous physical activity was advised. [*2]Petitioner testified at the hearing that he personally delivered the physician's letter to Casa on May 27, 2016, leaving one copy in a mailbox attached to his supervisor's office door and hand-delivering another copy to Casa's HR director. The supervisor and the HR director, however, denied that they had received the physician's letter. Petitioner was terminated on June 3, 2016.
"Our review 'under the Human Rights Law is extremely narrow and is confined to the consideration of whether the Division's determination is supported by substantial evidence in the record' " (Matter of Abram v New York State Div. of Human Rights, 71 AD3d 1471, 1473 [4th Dept 2010]). As such, "[i]n reviewing the determination of [the] Commissioner, this Court may not substitute its judgment for that of the Commissioner . . . , and we must confirm the determination so long as it is based on substantial evidence" (Matter of DiNatale v New York State Div. of Human Rights, 77 AD3d 1341, 1342 [4th Dept 2010], lv denied 16 NY3d 711 [2011] [internal quotation marks omitted]). Thus, "[c]ourts may not weigh the evidence or reject the Division's determination where the evidence is conflicting and room for choice exists" (Granelle, 70 NY2d at 106). Here, petitioner alleged that he was subject to disability discrimination because Casa discharged him rather than making reasonable accommodations, and "[i]n so-called reasonable-accommodation cases, such as this one," a petitioner has the burden of establishing that "(1) [the petitioner] is a person with a disability under the meaning of the [Americans with Disabilities Act]; (2) an employer covered by the statute had notice of his [or her] disability; (3) with reasonable accommodation, [the petitioner] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations" (Abram, 71 AD3d at 1473 [internal quotation marks omitted]).
With respect to the fourth element, when an "employer is aware of the need for accommodation, both the employer and the employee are required to engage in an 'informal, interactive process' to identify the employee's needs and determine the appropriateness and feasibility of the requested accommodations" (Matter of Vinikoff v New York State Div. of Human Rights, 83 AD3d 1159, 1162 [3d Dept 2011]). "[B]oth the employer and the employee have a duty to act in good faith once the interactive process begins . . . , and [a]n employee who is responsible for the breakdown of that interactive process may not recover for a failure to accommodate" (id. at 1163 [internal quotation marks omitted]). As relevant here, an employee's "lack of [a] meaningful response" to an employer's request for information has been held to have "caused a breakdown of the interactive process" (Graham v New York State Off. of Mental Health, 154 AD3d 1214, 1219 [3d Dept 2017]; see Vinikoff, 83 AD3d at 1162-1164).
Here, there was conflicting evidence in the record with respect to whether petitioner responded to the HR director's May 23, 2016 letter. The ALJ's determination, which was adopted by the Commissioner, included the finding that, "[b]y failing to respond to [his employer's] request for medical information, [petitioner] caused the breakdown of the interactive process. Therefore, [petitioner] cannot claim that [Casa] denied him a reasonable accommodation." Given our limited review power in this proceeding, and giving deference to the ALJ's determinations regarding witness credibility (see generally Matter of Scheuneman v New York State Div. of Human Rights, 147 AD3d 1523, 1524 [4th Dept 2017]), we conclude that substantial evidence supports the ALJ's determination that petitioner was responsible for the breakdown of the interactive process and thus that Casa did not improperly refuse to make a reasonable accommodation (see generally Vinikoff, 83 AD3d at 1163-1164).
We further conclude that petitioner also failed to establish the third element, i.e., whether he could have performed the essential functions of his job with a reasonable accommodation. "Whether a job function is essential depends on multiple factors, including the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the consequences of not requiring the [petitioner] to perform the function, mention of the function in any collective bargaining agreement, the work experience of past employees on the job, and the work experience of current employees in similar jobs" (Gill v Maul, 61 AD3d 1159, 1160-1161 [3d Dept 2009] [internal quotation marks omitted]). Here, the evidence in the record supports the conclusion that, even if petitioner timely provided Casa with the physician's May 27, 2016 letter, the limitations placed on petitioner by his physician rendered him incapable of performing his essential job functions (see generally id. at 1161).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court