*Abdelsayed v. New York University*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty-four.

PRESENT:
> **RICHARD C. WESLEY,**
> **MICHAEL H. PARK,**
> **BETH ROBINSON,**
> > *Circuit Judges.*

---

**George Abdelsayed,**

> *Plaintiff-Appellant,*

> v.                                                   **23-1144**

**New York University, NYU Langone Medical Center, NYU School of Medicine, NYU Langone Hospital Brooklyn, FKA NYU Lutheran Medical Center,**

> *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, New Paltz, NY. |
| **FOR DEFENDANTS-APPELLEES:** | ANJANETTE CABRERA (Timothy Barbetta, *on the brief*), Constangy, Brooks, Smith & Prophete, LLP, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

George Abdelsayed worked as the Section Chief of Gastroenterology at NYU Langone Hospital-Brooklyn from September 2016 until March 2017, when he took a leave of absence to deal with several degenerative musculoskeletal conditions that made it difficult for him to perform medical procedures. A few months later, his doctor approved his return to work if he received three proposed accommodations. First, he would need a seating arrangement "available" for procedures lasting longer than 20 to 30 minutes. Second, he could not perform any procedures that were "inherently long" or that required the use of heavy equipment, including lead aprons for procedures involving x-rays. Third, his "[f]loor teaching and work rounds" should "ideally" be performed at a "central station where seats [were] available." Joint App'x at 1450.

Appellees, who employed Abdelsayed, rejected these accommodations, and Abdelsayed brought claims against them for failure to accommodate his disability in violation of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") and for breach of his employment contract, which required compliance with those laws. Appellees moved for summary judgment and to exclude the testimony of Abdelsayed's expert witness. The district court granted both motions. Abdelsayed now challenges both decisions. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

"We review the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021). "Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict in favor of the party against which summary judgment is contemplated." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 178-79 (2d Cir. 2008).

We affirm the district court's grant of summary judgment for Appellees because Abdelsayed's second proposed accommodation—exempting him from inherently long procedures or those involving heavy equipment—was not reasonable. That is enough to affirm because Abdelsayed required all three accommodations to perform his job. We do not reach the district court's decision to exclude the opinion of Abdelsayed's expert because the expert did not opine on the second accommodation.

Abdelsayed's second accommodation eliminated an essential function of his job—*i.e.*, performing endoscopic retrograde cholangio-pancreatography ("ERCP"). Under either the NYSHRL or the NYCHRL, a plaintiff who cannot perform the essential functions of his job with a reasonable accommodation cannot succeed on a failure-to-accommodate claim. *See Jacobsen v. N.Y.C. Health & Hosps. Corp.*, 22 N.Y.3d 824, 834-35 (2014); *see also Tafolla v. Heilig*, 80 F.4th 111, 119 (2d Cir. 2023) (A "reasonable accommodation can never involve the elimination of an essential function of a job." (citation omitted)). In assessing which functions are essential, we look to "the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the mention of the function in a collective bargaining agreement, the work experience of past employees in the position, and the work experience of current employees

3

in similar positions." *McMillan v. City of New York*, 711 F.3d 120, 126 (2d Cir. 2013); *see also Strong v. Fernandez*, 133 N.Y.S.3d 377, 381 (4th Dep't 2020). We give "considerable deference to an employer's judgment regarding what functions are essential for service in a particular position." *Tafolla*, 80 F.4th at 119 (citation omitted).

No reasonable jury could find that performing ERCPs was not an essential function of Abdelsayed's position. Appellees viewed the function as essential. Abdelsayed was the only gastroenterologist employed by Appellees who could perform the procedure. Appellees hired him for the newly created position of Section Chief of Gastroenterology at least in part because he could perform ERCPs. And Abdelsayed's replacement as Section Chief performs them. Abdelsayed's second accommodation was thus not reasonable because it eliminated an essential function of his position.

Finally, Abdelsayed brings a breach-of-contract claim against Appellees based on a provision in his employment agreement that "[a]pplication of the termination provision related to disability shall occur only after engagement in the interactive process and consideration of reasonable accommodation requests in accordance with federal, local and state regulations." Joint App'x at 1487. We agree with the district court that Appellees engaged in a sufficient interactive process. They maintained regular communication with Abdelsayed during his leave, unilaterally extended both his leave and his time to provide proposed accommodations and medical documentation supporting them, pulled together a large internal team to consider Abdelsayed's accommodations, and provided Abdelsayed with an opportunity to propose new accommodations after they determined that his first set was not workable. This was sufficient to satisfy Abdelsayed's employment agreement.

4

***

We have considered Abdelsayed's remaining arguments and find they lack merit.    For the foregoing reasons, we **AFFIRM** the judgment of the district court.

                                                FOR THE COURT:
                                                Catherine O'Hagan Wolfe, Clerk of Court