Alvarez v New York City Tr. Auth. (2024 NY Slip Op 04185)

Alvarez v New York City Tr. Auth.

2024 NY Slip Op 04185

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-05012
 (Index No. 706394/19)

[*1]Lautaro I. Alvarez, appellant, 
v
New York City Transit Authority, et al., respondents.

Akin Law Group PLLC, New York, NY (Olena Tatura of counsel), for appellant.
David I. Farber, Brooklyn, NY (Kristen M. Nolan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered March 14, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first and fourth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff began working for the defendant New York City Transit Authority (hereinafter NYCTA) in 2015 as a telephone maintainer and was primarily assigned to work the 4:00 p.m. to 12:00 a.m. shift. In August 2016, the plaintiff sustained a ruptured brain aneurysm. In January 2017, the plaintiff was cleared to return to work with no restrictions and resumed working his 4:00 p.m. to 12:00 a.m. shift. In May 2017, as the result of a "pick" procedure by which NYCTA employees choose their shift in order of seniority, the plaintiff was assigned to work the 10:00 p.m. to 6:00 a.m. shift beginning on May 28, 2017. The plaintiff asked his supervisor to be allowed to work the day or evening shift instead to avoid developing headaches and submitted a note from his primary care physician dated May 17, 2017, stating that the plaintiff was still recovering from the aneurysm and "is advised to work regular day or evening shifts." In response, the supervisor advised the plaintiff, among other things, to undergo a medical exam at NYCTA's medical assessment center since the plaintiff had previously been cleared to return to work with no restrictions. The plaintiff did not undergo the medical exam and instead resigned on May 27, 2017, before the shift change was scheduled to take effect.
Thereafter, the plaintiff commenced this action against NYCTA, among others, alleging, inter alia, that the defendants failed to provide a reasonable accommodation for his disability in violation of the New York State Human Rights Law (Executive Law § 296; hereinafter NYSHRL) (first cause of action) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107; hereinafter NYCHRL) (fourth cause of action). The defendants moved, among other things, for summary judgment dismissing the first and fourth causes of action. In an order entered March 14, 2022, the Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals.
The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the first and the fourth causes of action. "[T]he [NYSHRL] forbids employment discrimination on the basis of an employee's disability, and the [NYCHRL] provides even greater protection against disability-based discrimination" (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833-834). Under the NYSHRL, "if a reasonable accommodation would permit the employee to perform the essential functions of the employee's position, the employee has a 'disability' within the meaning of the statute, and the employer cannot disadvantage the employee based on that disability" (id. at 834). The NYCHRL's definition of "disability" does not include "reasonable accommodation," but the NYCHRL "requires that an employer 'shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job'" (Pimentel v Citibank, N.A., 29 AD3d 141, 145, quoting Administrative Code § 8-107[15][a]; see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 834-835; Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 885). Thus, "under both statutes an employee's request for an accommodation is relevant to the determination of whether a reasonable accommodation can be made" (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 835). To prevail on a motion for summary judgment, an employer must demonstrate that it "engage[d] in a good faith interactive process that assesse[d] the needs of the disabled individual and the reasonableness of the accommodation requested" (id. at 837 [internal quotation marks omitted]; see Administrative Code § 8-102; Hosking v Memorial Sloan-Kettering Cancer Ctr., 186 AD3d 58, 62; Cohen v State of New York, 129 AD3d 897, 899). Under both the NYSHRL and the NYCHRL, both the employer and the employee have a duty to engage in a good-faith dialogue once the interactive process begins, and "[a]n employee who is responsible for the breakdown of that interactive process may not recover for a failure to accommodate" (Matter of Strong v Fernandez, 188 AD3d 1590, 1592 [internal quotation marks omitted]; see Administrative Code § 8-102; Pimentel v Citibank, N.A., 29 AD3d at 148). The NYCHRL affords broader protections than the NYSHRL, and there is no accommodation that is per se excluded from the category of reasonable accommodation for purposes of the NYCHRL (see Romanello v Intesa Sanpaolo S.p.A., 22 NY3d at 884).
Here, the defendants established, prima facie, that they engaged in a good-faith interactive process to determine the plaintiff's accommodation needs, and that the plaintiff rebuffed the interactive process by resigning when his request for a shift change was not immediately approved (see Administrative Code § 8-102; Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 837; Matter of Strong v Fernandez, 188 AD3d 1590). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the first and fourth causes of action.
The plaintiff's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court