Guarniero v City of Yonkers (2025 NY Slip Op 04554)

Guarniero v City of Yonkers

2025 NY Slip Op 04554

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-11290
 (Index No. 58292/21)

[*1]Michael J. Guarniero, appellant, 
v
City of Yonkers, respondent.

Sussman & Goldman, Goshen, NY (Michael H. Sussman of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney and Nicholas S. Cortese of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of disability in violation of the New York State Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated October 2, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff worked for the defendant, the City of Yonkers, in the Department of Public Works (hereinafter the DPW). In March 2020, the plaintiff, who held the title of custodial worker and was last assigned to work in sanitation prior to being placed on an authorized leave of absence without pay, requested a reasonable accommodation, namely, to be reassigned to a position as a custodian in one of the City's senior citizens centers due to his disability of psoriatic arthritis. On January 21, 2021, the City informed the plaintiff that it was currently unable to provide the requested accommodation, as the request would require the plaintiff to be permanently excused from performing the essential functions of his position.
The plaintiff commenced this action to recover damages for employment discrimination, alleging that the City discriminated against him based on his disability by failing to provide him with the reasonable accommodation he requested in violation of the New York State Human Rights Law (NYSHRL) (Executive Law § 296). The City moved for summary judgment dismissing the complaint. In an order dated October 2, 2023, the Supreme Court granted the motion. The plaintiff appeals.
NYSHRL prohibits discrimination in employment based on, among other grounds, disability (see Executive Law § 296[a]; Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833-834; Alvarez v New York City Tr. Auth., 230 AD3d 541, 542). Under NYSHRL, "if a reasonable accommodation would permit the employee to perform the essential functions of the employee's position, the employee has a 'disability' within the meaning of the statute, and the employer cannot disadvantage the employee based on that disability" (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 834; Alvarez v New York City Tr. Auth., 230 AD3d at 542 [*2][internal quotation marks omitted]). Reasonable accommodations include "reassignment to an available position" (9 NYCRR 466.11[a][2]). An employer normally cannot obtain summary judgment on an employment discrimination claim based on disability pursuant to NYSHRL "unless the record demonstrates that there is no triable issue of fact as to whether the employer duly considered the requested accommodation," and the employer cannot present such a record "if the employer has not engaged in interactions with the employee revealing at least some deliberation upon the viability of the employee's request" (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 837; Cohen v State of New York, 129 AD3d 897, 899 [internal quotation marks omitted]). Consequently, contrary to the City's contention, to prevail on a summary judgment motion with respect to a claim pursuant to NYSHRL, the employer must show that it engaged in a good-faith interactive process that assessed the needs of the disabled individual and the reasonableness of the accommodation requested (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 837). "[An] employer has a duty to move forward to consider accommodation once the need for accommodation is known or requested" (9 NYCRR 466.11[j][4]).
Here, the City failed to establish, prima facie, that it engaged in a good-faith interactive process that assessed the needs of the plaintiff and the reasonableness of his requested accommodation (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 837-838). Specifically, the City relied on, inter alia, the deposition testimony and affidavit of the DPW's Commissioner, who denied the plaintiff's request for an accommodation. There is no evidence in the record that the Commissioner was aware of the plaintiff's condition when he made his determination or that the Commissioner considered the accommodation that the plaintiff was requesting to be reassigned to the position of a custodian at one of the City's senior citizens centers. The Commissioner testified that he had no memory of meeting with the plaintiff to discuss his request for an accommodation. The Commissioner also testified that he did not know that the plaintiff's request for an accommodation concerned psoriatic arthritis, did not know the limitations typically associated with that condition, and did not know the limitations that the condition allegedly caused the plaintiff to suffer. The Commissioner further testified that he did not speak with the plaintiff's physician and did not recall reviewing any of the information that the physician provided to the City.
Accordingly, the City's motion for summary judgment dismissing the complaint should have been denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court